IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INNOCENT OBI,                              )
                                          )
                        Plaintiff,        )
                                          )
        v.                                )    Civil Action No.: 10 C 3154
                                          )
CHASE HOME FINANCE, LLC *et al.*,          )    Suzanne B. Conlon, Judge
                                          )
                        Defendants.       )
                                          )
                                          )

## MEMORANDUM OPINION AND ORDER

Innocent Obi filed a *pro se* complaint in state court, seeking damages after he was locked out of his home during an allegedly illegal eviction.  Defendants Chase Home Finance LLC, JPMC Specialty Mortgage LLC, JPMorgan Chase Bank, N.A. ("Chase defendants"), and Safeguard Property, LLC removed the case to federal court on the basis of diversity jurisdiction. Defendants now move to dismiss.  Obi opposes the motions and seeks leave to file what would be his second amended complaint.  For the following reasons, the motions to dismiss are granted in part.  Obi's motion to file a second amended complaint is denied without prejudice.  In a separate order, the court appoints *pro bono* counsel to represent Obi.

### I. Background

For purposes of the motions to dismiss, the court accepts as true the facts alleged in the amended complaint.  Dkt. No. 55.  Obi rented a condominium located at 1407 East 71st Place in Chicago, Illinois, with an option to buy the property.  Am. Comp. ¶ 7.  Obi was current on his rent.  *Id.* ¶ 9.  His landlord presumably had a mortgage though the Chase defendants.  *Id.* Exs. A,

1

D. The Chase defendants hired Safeguard sometime before February 22, 2010, to change the

locks on the property, board up the unit, winterize it, and evict any person living there. *Id.* ¶¶ 12-

14. The property had not been foreclosed upon, nor did defendants have a court order of

possession. *Id.* ¶¶ 9-10. On February 22, 2010, Obi returned home from work to find his locks

changed and some personal property scattered outside on the ground. *Id.* ¶ 18. His neighbor had

seen four men, a woman, and a sheriff removing his property earlier that morning. *Id.* ¶ 16. A

notice on the door gave a number to call in case of an emergency and left an email address with

the domain name "jpmchase.com." Am. Compl., Ex. C. Obi called the number but was unable

to reach anyone that night. *Id.* ¶¶ 24, 29. As a result, he and his five children had to seek

alternative shelter that night and remained there for several days. *Id.* ¶ 30. Obi missed work the

next three days trying to resolve the matter and lost his job. *Id.* ¶ 30.

On February 23, 2010, Obi contacted a representative of the Chase defendants, Eric

Florts,[1] who gave him the combination for the lock on the property's door. Am. Compl. ¶ 33.

When Obi entered the unit, he discovered most of his personal belongings were missing, other

property was destroyed, and the floors of his unit suffered water damage. *Id.* ¶¶ 34, 41. The

missing items included his laptop, gold rings, necklaces, watches, cash, a camera, and a video

recorder. *Id.* ¶ 34. He again called Florts, who told him to call the police and to call Safeguard

to recover his property. *Id.* ¶ 35. A Safeguard representative told him that Chase Home Finance,

JPMC Specialty Mortgage, and JP Morgan Chase Bank sent a work order for the eviction, that he

would get his property back within a few days, and that Safeguard's legal department would

---

[1] In his opposition to the motions to dismiss, Obi refers to Eric Florts as Eric Storts. The court uses the name found in the amended complaint.

2

contact him. *Id.* ¶¶ 12-13, 37. Despite several more phone calls, none of his property was returned, and the legal department never called. *Id.* ¶¶ 37, 42.

Obi sued Safeguard and the Chase defendants in a nine-count amended complaint. He raised claims for trespass (Count I), trespass to chattels (Count II), intentional infliction of emotional distress (Count III), conversion (Count IV), punitive damages (Count V), fraud (Count VI), civil rights violations under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 241 (Count VII), violation of the Fair Debt Collection Act (Count VIII), and conspiracy (Count IX). Safeguard and the Chase defendants filed separate motions to dismiss.

## II. Analysis

### A. Standards of Law

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all well pleaded allegations in the amended complaint are accepted as true, and all reasonable inferences are drawn in Obi's favor. *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010). Because Obi is proceeding *pro se*, the court liberally construes his filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Obi does not need to plead legal theories, but he must set forth enough facts to make his claim for relief plausible. *Hatmaker v. Memorial Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010). Illinois law governs the state law claims. *Wallace v. McGlothan*, 606 F.3d 410, 419 (7th Cir. 2010).

A note of caution: Obi alleges defendants wrongfully evicted him from his home even though the property was not in default and no defendant had an order of possession. The court proceeds on that assumption. It lacks jurisdiction under the *Rooker-Feldman* doctrine to review a

3

state court foreclosure action or any action inextricably intertwined with it. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483-84 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923); *Wright v. Tackett*, 39 F.3d 155, 157-58 (7th Cir. 1994).

**B. Safeguard's Motion to Dismiss**

Safeguard's motion to dismiss is inadequate. Safeguard did not file a supporting memorandum of law, and the motion is almost devoid of citation to legal authority. A litigant, especially one represented by counsel, is obligated to support legal arguments with citation to relevant authority; otherwise a court may disregard the arguments. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir.) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (internal quotation marks omitted)), *amended by* No. 09-2219, 2010 WL 2853645 (7th Cir. 2010).

A generous reading of Safeguard's motion reveals three developed arguments: the amended complaint fails to give notice of the claims because all defendants are lumped together, the fraud count is not pled with particularity, and Safeguard had the right to enter the property based on default of the loan. The first two arguments overlap with some of the Chase defendants' arguments and are addressed below. The last argument is meritless. On a motion to dismiss, allegations in the complaint are accepted as true. *Abcarian*, 617 F.3d at 933. Obi alleged the property was not in default and defendants did not have an order of possession. Am. Compl. ¶¶ 9-10, 18, 21, 28, 40. These allegations control over Safeguard's contrary assertions.

**C. Federal Rule of Civil Procedure 8**

Safeguard and the Chase defendants both argue the complaint should be dismissed because Obi lumps all defendants together and does not give sufficient notice of what each

4

defendant allegedly did.  Except for claims of fraud or mistake, the complaint need not give

specific facts but only fair notice of the claim and the grounds upon which it rests.  FED. R. CIV.

P. 8(a), 9(b); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Airborne Beepers & Video, Inc. v.

AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  This is not a complex factual scenario

that requires more specificity for defendants to sort out what they have allegedly done.  *Cf.*

*Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 774-75, 777-78 (7th Cir. 1994)

(119-page RICO complaint alleging five different unlawful schemes).  Rather, Obi complains

about one event: the eviction on February 22, 2010.  The date of the eviction and identification of

the property at issue provides sufficient information for defendants to investigate their role in the

events.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-85 (7th Cir. 2008) (level of factual

detail required depends on complexity of claim).  Nor is Obi likely to know more specific

information without discovery: his landlord, not he, was the mortgagor, and he was not present

during the eviction.  The amended complaint explains why Obi sued these defendants.

JPMorgan Chase was identified on the notice on the door, and the Safeguard representative

identified Chase Home Finance, JPMC Specialty Mortgage, and JPMorgan Chase as having

submitted the eviction order.  Am. Compl. ¶¶ 12-13, Ex. C.  It is not implausible on a motion to

dismiss that the home finance and specialty mortgage branches would be involved in an eviction.

The Chase defendants assert the amended complaint is deficient as to them because Obi

does not allege any Chase defendant actually entered the property or was present during the

eviction.  They argue the amended complaint does not adequately allege Safeguard was acting as

their agent, and so there is no basis for liability.

5

The amended complaint states a claim against the Chase defendants. Obi seeks to hold the Chase defendants liable as aiders and abettors and as coconspirators. Am. Compl. ¶ 19, Count IX. Illinois law allows liability for aiding and abetting a tort if (1) defendant aids a person who performs a wrongful act that causes an injury, (2) defendant is aware of its role as part of the tortious activity when it provides the assistance, and (3) the defendant knowingly and substantially assists the principal violation. *Grimes v. Saikley*, 904 N.E.2d 183, 196 (Ill. App. Ct. 2009). A civil conspiracy exists in Illinois where (1) two or more individuals combine, (2) in order to accomplish by concerted action either an unlawful purpose or a lawful purpose by unlawful means, and (3) a coconspirator commits an overt act that is either tortious or unlawful. *Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004). Obi alleges the Chase defendants hired Safeguard to carry out the allegedly illegal eviction. Am. Compl. ¶ 12. Obi further alleges Safeguard committed several torts in carrying out that eviction, including trespass, trespass to chattels, and conversion. *Id.* Counts I, II, IV. If Obi proves the Chase defendants had no legal right to order the eviction, the Chase defendants may be liable as a coconspirator or for aiding and abetting Safeguard's actions. *See, e.g.*, *Freese v. Buoy*, 576 N.E.2d 1176, 1182 (Ill. App. Ct. 1991) ("[A] person who aids, abets, assists, or directs the commission of a trespass by another is liable for trespass").

## D. State Law Claims

### 1. Trespass (Count I), Trespass to Chattels (Count II), Conversion (Count IV)

The Chase defendants argue the allegations about these counts do not pass muster because they are conclusory as to what each defendant did. It is true that "[a]bstract recitations of the elements of a cause of action or conclusory legal statements" do not satisfy Rule 8. *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009). But in a straightforward case, a plaintiff need not say

much to give defendants notice and to show his version of events is plausible. *Swanson v.*

*Citibank, N.A.*, 614 F.3d 400, 403-06 (7th Cir. 2010).

Trespass is an invasion of the exclusive possession of land. *In re Chicago Flood*

*Litigation*, 680 N.E.2d 265, 278 (Ill. 1997). Obi alleges the Chase defendants directed Safeguard

to enter his condo and lock him out without following proper legal procedures. Am. Compl.

¶¶ 12-14. These facts sufficiently allege an invasion of Obi's possessory interest in his home.

Conversion requires a showing that (1) Obi has a right to the property; (2) he has an

absolute and unconditional right to the immediate possession of the property; (3) he made a

demand for possession; and (4) defendants wrongfully and without authorization assumed

control, dominion, or ownership over the property. *Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill.

2008). Trespass to chattels occurs if a defendant intentionally dispossessed Obi of his property

and he suffered damages. *Kay v. County of Cook*, No. 05 C 3015, 2006 WL 2509721, at *7

(N.D. Ill. 2006) (St. Eve, J.). The difference between the two is a matter of degree. *R. Rudnick*

*& Co. v. G.F. Protection, Inc.*, No. 08 C 1856, 2009 WL 112380, at *3 (N.D. Ill. 2009)

(Gottschall, J.). Obi alleges the Chase defendants directed Safeguard to remove his property

without his permission or a legal right to do so. Am. Compl. ¶¶ 12-14, 18. Then, neither

Safeguard nor the Chase defendants returned his property when he requested, despite his right to

possession. *Id.* ¶¶ 34-35. This is sufficient to state a claim for conversion and trespass to

chattels.

**2. Intentional Infliction of Emotional Distress (Count III)**

The Chase defendants assert the intentional infliction of emotional distress claims fails because Obi has not alleged conduct that was extreme and outrageous or emotional distress that was severe. Intentional infliction of emotional distress occurs when (1) the complained-of conduct is truly extreme and outrageous, (2) defendant intends his conduct to inflict severe emotional distress or knows of a high probability it will do so, and (3) the conduct actually causes severe emotional distress. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 79-80 (Ill. 2003). Defendant's conduct must go beyond all bounds of decency. *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or trivialities. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). The emotional distress must be "so severe that no reasonable man could be expected to endure it." *Feltmeier*, 798 N.E.2d at 276 (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. j).

The conduct Obi identifies as potentially extreme and outrageous is (1) wrongfully evicting him, (2) continuing to keep him out of his home after learning the eviction was in error, (3) wrongfully taking and retaining his personal property, and (4) falsely promising to return his property. Am. Compl. ¶¶ 9-10, 13, 17-18, 31, 37-38, 41-42. The Chase defendants cite *Mumm v. Wetter*, No. 05 C 6149, 2006 WL 163151, at *2 (N.D. Ill. 2006) (St. Eve, J.), for the proposition that an allegedly wrongful eviction is not extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress. *Mumm* is not binding authority and, at any rate, is distinguishable. Defendants in *Mumm* acted pursuant to a facially valid default judgment ordering eviction. *Id.* Obi alleges defendants acted without a court order. Am. Comp. ¶ 18. Although it is a close issue, the court cannot conclude as a matter of law under Rule

8

12(b)(6) that Obi could not possibly prove outrageous conduct based on his allegations. *Cf.*

*Matthews v. Homecoming Financial Network*, No. 03 C 3115, 2005 WL 2387688, at *7 (N.D. Ill.

2005) (Guzmán, J.) (plaintiff stated claim for intentional infliction of emotional distress based on

allegedly wrongful eviction).

Obi's allegations are sufficient on the other two elements of intentional infliction of

emotional distress. He alleges he "nearly fainted" when he discovered he had been locked out of

his house and "fell sick." Am. Compl. ¶¶ 29-30. His resulting homelessness and joblessness

caused him "much stress and sickness." *Id.* ¶ 42. Defendants may learn in discovery that Obi's

symptoms were not actually severe. But under the notice pleading standard, liberally construed

due to *pro se* status, Obi pleaded enough to proceed to discovery on this claim. Finally, Obi

alleges defendants continued to withhold access to his home and property even after learning the

eviction was in error. Am. Compl. ¶¶ 31, 41-42. It is reasonable to infer that, if true, defendants

may have been aware of a high probability their actions would cause Obi distress.

### 3. Fraud (Count VI)

Safeguard and the Chase defendants argue Obi has not satisfied the heightened pleading

standard for a fraud claim. Obi must allege (1) defendants made a false statement of material

fact, (2) defendants knew or believed the statement was false, (3) defendants intended Obi to rely

on it, (4) Obi did rely on it, and (5) was injured. *Doe v. Dilling*, 888 N.E.2d 24, 35-36 (Ill. 2008).

Federal Rule of Civil Procedure 9(b) requires Obi to allege the elements of fraud with

particularity. *Hefferman v. Bass.*, 467 F.3d 596, 601 (7th Cir. 2006).

Contrary to defendants' assertions, Obi sufficiently alleged the circumstances surrounding the alleged misrepresentations.[2] His claim fails for another reason: he has not alleged he was injured in reliance on those statements. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010) ("[A] plaintiff must plead actual damages arising from her reliance on a fraudulent statement"). Obi identifies the alleged misrepresentations as a statement from a Chase representative that his property would be returned, Am. Compl. ¶¶ 96-97, 104-05, and statements from a Safeguard representative that it had authorization to evict him and promising to return his property, *id.* ¶¶ 98, 100-03. By the time the alleged misrepresentations were made, the eviction had already taken place and his personal property taken. Obi has not alleged what actions he took in reliance on those statements or how that reliance injured him.

## 4. Punitive Damages (Count V)

The Chase defendants argue the punitive damages count should be dismissed once the substantive counts are dismissed. Under Illinois law, punitive damages are a type of relief, not an independent cause of action. *Kleinwort Benson N. Am., Inc. v. Quantum Fin. Servs., Inc.*, 692 N.E.2d 269, 274 (Ill. 1998). But because some state law counts remain, this argument fails.

## E. Federal Claims

## 1. Civil Rights Violations: 42 U.S.C. §§ 1983, 1985; 18 U.S.C. § 241 (Count VII)

The Chase defendants argue Obi cannot state a claim under 42 U.S.C. § 1983 because no defendant is a state actor. Section 1983 prohibits an individual acting under color of state law

---

[2] The Chase defendants' objection that Obi did not specify which entity Florts worked for is spurious. Defendants are in a better position to identify which entity one of their employees work for than a *pro se* plaintiff. Obi provided the man's name and explained that he contacted him after calling the phone number listed on a notice. This is sufficient notice for the Chase defendants.

from depriving another person of a federal constitutional right. *Lewis v. Downey*, 581 F.3d 467, 472-73 (7th Cir. 2009). Because § 1983 prohibits only state action, a plaintiff suing private entities must show their actions are fairly attributable to the state. A plaintiff could show (1) the state commanded or encouraged the action, (2) the private entities were acting jointly with the state, (3) the state and the private entity had a symbiotic relationship, or (4) the private entity was performing a public function. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823-24 (7th Cir. 2009).

Obi argues defendants may be considered state actors because they used the state courts to carry out their scheme and assumed the duties of the sheriff, a governmental entity. Use of the state courts is insufficient to turn defendants into state actors. Misuse of state law does not convert a private actor into a state actor. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746-47 (7th Cir. 2010). Participating in an eviction does not turn a private entity into a state actor. Obi alleges the sheriff accompanied Safeguard to his home. Am. Compl. ¶¶ 16, 21, 114. But he does not allege the sheriff directed anyone at the scene. A private person who carries out a wrongful eviction may be liable under tort law, but not § 1983. *See Mumm v. Wetter*, No. 05 C 6149, 2006 WL 163151, at *3 (N.D. Ill. 2006) (St. Eve, J.) ("Private actors do not act under the color of the law merely by requesting the assistance of the law, even when they may not have grounds to do so").

The Chase defendants argue Obi cannot state a claim under 42 U.S.C. § 1985 because he has not sufficiently alleged a racially discriminatory purpose for the alleged conspiracy. Section 1985 prohibits even private individuals from conspiring to deprive a person of equal protection of the laws. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). But § 1985 applies only to

11

conspiracies based on racial or otherwise class-based discriminatory animus. *Id.* Obi alleges he was targeted because he was a "poor black African immigrant" and asserts the actions would not have happened had he been a white American. Am. Compl. ¶¶ 115-16. He further alleges defendants similarly targeted other individuals in his predominantly African American community, as well as other poor African Americans in other predominantly African American communities. *Id.* ¶¶ 120, 123. It is unreasonable to infer from these allegations that defendants had a racial animus. Obi must allege more than the fact that defendants have evicted people who were African American.

Finally, 18 U.S.C. § 241 is the criminal counterpart to § 1983. *Jogi v. Voges*, 480 F.3d 822, 827 (7th Cir. 2007). Section 241 does not provide a private right of action for a civil plaintiff. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack judicially cognizable interest in prosecution of another); *Chapa v. Adams*, 168 F.3d 1036, 1037-38 (7th Cir. 1999) (noting Supreme Court's reluctance to imply private rights of actions from criminal laws); *Jones v. GES Exposition Servs., Inc.*, No. 02 C 6243, 2004 WL 2011396, at *7 n.5 (N.D. Ill. Sept. 7, 2004) (Filip, J.) (collecting cases).

**2. Fair Debt Collection Act (Count VIII)**

The Chase defendants argue Obi fails to state a claim under the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.* because they are not a "debt collector" as defined by the act and never attempted to collect a debt. The Fair Debt Collection Act protects "consumers," defined as a person obligated to pay a debt. 15 U.S.C. § 1692a(3). A debt collector is a person who uses mail or interstate commerce to collect or attempt to collect debts. *Id.* § 1692a(6). The act prohibits debt collectors from using certain tactics to collect a debt. *Gburek v. Litton Loan Servicing LP*,

12

614 F.3d 380, 384 (7th Cir. 2010). A threshold issue is whether a communication by a debt

collector was made in connection with the collection of a debt. *Id.* Obi has not alleged any

defendant communicated with him about paying a debt. He does not allege he owes the Chase

defendants money or that he was held accountable for paying his landlord's mortgage.

**F. New Claims in Obi's Response**

The Chase defendants argue Obi improperly adds more claims in his response to their

motion. They argue a plaintiff may not amend his complaint in his opposition to a motion to

dismiss. Defendants misinterpret the cases they cite. There is a difference between raising new

factual allegations in a response (which is prohibited) and raising new legal theories of relief

based on the existing factual allegations (which is not). *Compare Car Carriers, Inc. v. Ford

Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (finding it questionable for district court to have

embellished conclusory factual allegations in complaint with information from plaintiffs' briefs),

*with Small v. Chao*, 398 F.3d 894, 897-88 (7th Cir. 2005) (considering whether new legal

theories raised by *pro se* plaintiff in brief stated a claim based on the allegations in the

complaint). That being said, Obi does not state a claim under the Illinois Consumer Fraud and

Deceptive Practices Act, 815 ILCS 505/1 *et seq.* He does not explain what deceptive act he

relied on or how he was damaged by the deception. *See Oliveira v. Amoco Oil Co.*, 776 N.E.2d

151, 160 (Ill. 2002) (elements of violation of 815 ILCS 505/1 *et seq.*). Nor does he state a claim

under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68.

Although he attempts to list several predicate acts, he does not allege what the enterprise is or the

other elements of the claim. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d

382, 389 (7th Cir. 2010) ("A bank could be accused of fraud without also being accused of

13

conducting itself through a pattern of racketeering activity."); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 398 (7th Cir. 2009) ("[A] RICO complaint must identify the enterprise").

### III. Motion to File Amended Complaint

Obi also seeks leave to file a "first" amended complaint, which would in effect be his second amended complaint. He proposes to add two more counts as well as two more defendants—the subcontractors whom Safeguard allegedly hired to carry out the eviction. This motion is denied without prejudice. The attorney appointed to represent Obi may move to amend the complaint.

### IV. Conclusion

Accordingly, Counts VI, VII, and VIII are dismissed. The motions to dismiss are denied as to all other counts.

ENTER:

Suzanne B. Conlon
United States District Judge

November 19, 2010

14