**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INNOCENT OBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-3154 |
| | ) | |
| CHASE HOME FINANCE, LLC, JPMC | ) | Judge Suzanne B. Conlon |
| SPECIALTY MORTGAGE LLC, | ) | |
| SAFEGUARD PROPERTY LLC, and | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**THE CHASE DEFENDANTS' ANSWER TO COUNTS I, II, III, IV, V
AND IX OF PLAINTIFF'S AMENDED COMPLAINT**

Now come defendants Chase Home Finance LLC ("CHF"), JPMC Specialty Mortgage

LLC ("JPMCSM"), and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively the "Chase

Defendants"), by and through their attorneys, Burke, Warren, MacKay & Serritella, P.C., and

answers Plaintiff's Amended Complaint as follows:[1]

## I. INTRODUCTION

1.  Plaintiff Innocent Obi, pro se, brings his first amended complaint to
    redress wrongs against him by the above named defendants, involving
    violations of: The fair debt collections Practices Act, The truth in lending
    Act as amended by the home ownership and Equity Protection Act of
    1994,(a) 15 U.S.C. Section 1602 and 1639, implementing Federal Reserve
    Board Regulation @ 12 C.F.R part 226, and its progenies as set forth
    below;

    More importantly, because plaintiff is currently a pro se, plaintiff will seek
    to amend this complaint for a second time after discovery of applicable
    documented facts as they pertain to the nature of each defendants conduct
    giving rise to these causes of action.

---

[1] In reproducing the paragraphs in Plaintiff's Amended Complaint for this Answer, the
Chase Defendants have not altered the paragraphs in any way and have kept punctuation and
spelling as they are in Plaintiff's Amended Complaint.

More also, this complaint is for compensating and punitive damages and an injunction to restrict certain activities of the defendants and prevent further wrongs and irreparable damages that are stated herein.

**ANSWER:** As to the allegations in the first and third sentences of Paragraph 1, the Chase Defendants admit that Plaintiff brings his Amended Complaint pro se and that he purports to seek compensatory and punitive damages, but the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action. The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 and, therefore, deny these allegations.

## II. PARTIES

2.      Plaintiff innocent Obi is an Illinois resident who resides in the city of Chicago. Plaintiff has five children ages 3-14 years old residing at the property at the time of the incident. The property which is the subject of this lawsuit is a residential and rented property located at 1407 E. 71st place unit 2 Chicago 60619 .Plaintiff lost properties consortium. and was maliciously distressed and unduly influenced by the conducts of all the defendants in violation of laws stated herein. Plaintiff is a "consumer" as defined by 15 U.S.C. (section) 1692 a(3). Plaintiff incurred a "debt" as defined by 15 U.S.C. (section) 1692 a(5). Plaintiff filed his claim within the time frame permitted under the FDCPA.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 2 and, therefore, deny these allegations. The Chase Defendants deny the remaining allegations in Paragraph 2.

3.      Chase Home finance LLC is a bank that regularly conducts business in Chicago. state of Illinois, .Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. (section) 1692 a( 6). At the time of the communications referenced herein, defendant either owned the debt or was retained by the owner to collect the debt. Plaintiff charges Chase

Home Finance LLC with engaging in predatory lending and other illegal practices and Debt collection.

**ANSWER:** The Chase Defendants admit that CHF conducts business in Chicago, Illinois, but deny the remaining allegations in Paragraph 3.

4. JPMC Specialty Mortgage LLC. Is a mortgage company with its office in the city of Chicago; state of Illinois and is a partnership that service loans and regularly conduct business in Chicago. Plaintiff charges JPMC Specialty Mortgage LLC. with engaging in predatory lending and other illegal practices.

**ANSWER:** The Chase Defendants admit that JPMCSM conducts business in Chicago, Illinois, but deny the remaining allegations in Paragraph 4.

5. Safeguard properties, Inc is a management contractual company with its principal office at 650 Safeguard plaza, Brooklyn Height, Ohio 444131. Safeguard properties, Inc. contract with various vendors to execute its job task and was contracted to JPMC or one of the chase defendants to carry out the illegal action which is the cause of this law suite. Plaintiff charges Safeguard properties, Inc. with engaging in predatory and other illegal practices.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, deny these allegations.

### III. JURISDICTION AND VENUE

6. This Court has Jurisdiction over federal claims under 28 U.S.C @ Sec. 1331 and !332, particularly 18 U.S.C. @ Sec. 1961 and as set forth bellow; Supplemental Jurisdiction is presented to this Court under 28 U.S.C. @ sec. 1367 (a) and Articles 1,2,5,12,13,19 and 24 of the Illinois constitution. Venue is proper where a substantial part of this event and omissions that defendants are liable for occurred pursuant to 28 U.S.C. @ Sec. 139 1. On information and belief, the amount in controversy is in excess of $140.00.00

**ANSWER:** The Chase Defendants admit that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1367, admit that venue is proper under 28 U.S.C. § 1391, and deny the remaining allegations in Paragraph 6.

3

## IV  FACTS COMMON TO ALL COUNTS AND HISTORY OF THE CASE

7.      On August 1st 2008, Plaintiff signed a rental lease agreement with Landlord with option to buy the property commonly known as 1407 E 71st Place Unit 2 Chicago IL.60619. The said property is a residential and rental unit (condominium). Upon the execution of the said contract, plaintiff was added as an authorized third party to the mortgage and became the rightful tenant/owner (with Option to buy) of the property known as 1407 e 71st Place unit 2 Chicago IL 60619.

**ANSWER:**    The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny these allegations.

8.      Plaintiff has right to possession of the property commonly known as 1407 E 71st place Unit 2 Chicago IL. 60619 at all relevant times and right to quiet enjoyment of possession of said property by law of the State of Illinois.

**ANSWER:**    The allegations in Paragraph 8 set forth conclusions of law to which no response is required.  To the extent an answer is required, the Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, deny these allegations.

9.      However, Plaintiff have not violated the terms of his contract with the landlord ,nor has the landlord violated the terms of her contract at the time of this occurrence when all the defendants invaded plaintiff's property and that the property was not foreclosed and that plaintiff has no Court order of possession.

**ANSWER:**    The Chase Defendants deny that the owner of the property located at 1407 E. 71st Place, Unit 2, Chicago, Illinois 60619 (the "Property") did not violate the terms of her mortgage contract and deny that any of the Chase Defendants invaded the Property, but lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, deny these allegations.  Answering further, the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action.

10. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A never for once sent out any letter of notice to either the plaintiff or landlord of their intent to foreclose on the property, to board it up, to change the locks and to evict plaintiff. Again the said property was never and has not been foreclosed.

**ANSWER:** Denied. Answering further, JPMCSM filed a foreclosure complaint regarding the Property, and that case is still pending. *See JPMC Specialty Mortgage LLC v. Lilian A. Allen, et al.,* Cook County, Illinois Case No. 10 CH 05388.

## V. FACTUAL ALLEGATIONS

11. On or before Feb. 22nd 2010, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A., set in operation the following illegal activities;

**ANSWER:** Denied.

12. According to defendant Safeguard Properties Inc. statement to plaintiff on Feb. 23rd 2010 over the phone when asked who authorized them to evict plaintiff. Safeguard responded that Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A sent a work order to defendant Safeguard Properties, Inc. for a contract for an inspection on plaintiff property at which time plaintiff was still in full occupancy of his residential property.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, deny these allegations.

13. Defendant Safeguard Properties, Inc., sent out an inspection sheet back to defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. for only external inspection since they could not get access into the unit because plaintiff is still living in the unit, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. entered into a contractual contract with Defendant Safeguard properties Inc. and issued a work authorization to change the locks, board the house, winterize it and evict any person found therein, knowing Knowledge fully that Plaintiff and his family still occupy the property.

**ANSWER:** The Chase Defendants admit that CHF authorized Safeguard, in February 2010, to winterize the Property based on the representation from Safeguard that the Property was

5

vacant. Upon information and belief, the Chase Defendants deny that Plaintiff or anyone else was living at the Property at the time CHF authorized Safeguard to winterize the Property or at the time Safeguard winterized the Property, and deny the remaining allegations in Paragraph 13.

14.     The work order authorizes Defendant Safeguard properties Inc. to illegally enter plaintiff's property and evict plaintiff by boarding up the property, changing the locks, damaging all plaintiffs' personal property, removing all plaintiffs personal effects without lawful authority to do so.

**ANSWER:**     The allegations in Paragraph 14 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

15.     On Feb. 19th 2010 around 5 pm a white Male age 47 yrs old knocked on the plaintiff's neighbor's door and requested if she know's the whereabouts of the Plaintiff. That he is an inspector from safeguard properties, Inc working for Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, deny these allegations.

16.     On Feb 22nd 2010 at around 6:50 A.M., while Plaintiff was gone to work, Plaintiff neighbor saw a white van with 4 white men with Polish ascent came out of it and another car with a white lady and a sheriff, all exited their vehicle and walked the rail upstairs to unit 2 and started forcing the door open and removing plaintiffs property in absent of the Plaintiff.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, deny these allegations.

17.     On Feb. 22nd 2010, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A and their contracted agent Safeguard Properties Inc. through their sub-contractor, forcibly entered plaintiff's home without plaintiff's consent and changed the locks, board the unit and removed all plaintiff properties and personal effects. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC, JPMorgan Chase Bank N.A ordered Safeguard Properties and other unknown defendants to remove plaintiff's property into their van.

6

**ANSWER:** The allegations in Paragraph 17 set forth conclusions of law to which no response is required. To the extent an answer is required, the Chase Defendants admit that CHF authorized Safeguard, in February 2010, to winterize the Property based on the representation from Safeguard that the Property was vacant, but deny the remaining allegations in Paragraph 17. Answering further, the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action.

18.    Plaintiff on return to his unit on the evening of Feb. 22nd 2010 plaintiff and his family discovered that their door locks had been changed and their personal property had been taken away some littering all over the place outside the building. More importantly, as of Feb.22nd 2010, all the defendants; Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A and Safeguard Properties Inc. does not have a right to possession regarding plaintiff property and did not ever obtained any right to possession before or even after the incident, even till today Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. does not possess the right to plaintiff property.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18 and, therefore, deny these allegations. The allegations in the second and third sentences of Paragraph 18 set forth conclusions of law to which no response is required. To the extent an answer is required, denied. Answering further, the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action.

19.    According to law.
"any person who aids, abets, assists, or directs the commission of a trespass by another is liable for trespass."
Dietz v. Ill.. Bell TeI.Co.,154 Ill. App.3d 554, 107 Ill. Dec. 360, 507 N.E.2d 24,26 (Ill. App. Ct. 1987)

Under Illinois law, "trespass is an intentional invasion of the exclusive possession and physical condition of land." Freese v. Buoy, 217 Ill., APP. 3d 234, 160 Ill. Dec 222, 576 N.E. 2d 1176, 1182 (Ill. App ct.1991)

**ANSWER:** The allegations in Paragraph 19 set forth conclusions of law to which no response is required. To the extent an answer is required, the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action.

20. However, on Feb. 22nd 2010, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and their co-conspirators known and unknown to plaintiff jointly as "Mortgagees" through their contractual agent Safeguard Properties Inc., broke into plaintiffs home at 1407 e 71st place Unit 2 Chicago IL 60619 without plaintiffs due consent, change the locks, damage plaintiff's personal property and removed plaintiffs personal effects without lawful authority to do so.

**ANSWER:** The allegations in Paragraph 20 set forth conclusions of law to which no response is required. To the extent an answer is required, the Chase Defendants deny that they entered the Property on or about February 22, 2010, deny that they changed the locks on the Property, deny that they removed or damaged any of Plaintiff's personal property, deny that they conspired with any person or entity, and deny any of the remaining allegations in Paragraph 20. Answering further, the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action.

21. Plaintiff property was never foreclosed, nor has the defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A has any court order to legally conduct such operation but with their evil intent, evict plaintiff illegally with the help of officer of the state, cook county sheriff officer accompanied them. Plaintiff property was never abandoned nor in distress at any time, no court eviction paper was ever filed in the court.

**ANSWER:** The allegations in Paragraph 21 set forth conclusions of law to which no response is required. To the extent an answer is required, the Chase Defendants admit that foreclosure proceedings on the Property have not been completed, admit that, on or before February 22, 2010, none of the Chase Defendants obtained an order of possession from any court regarding the Property, and deny the remaining allegations in Paragraph 21. Answering further, JPMCSM filed a foreclosure complaint regarding the Property, and that case is still pending. *See JPMC Specialty Mortgage LLC v. Lilian A. Allen, et al.*, Cook County, Illinois Case No. 10 CH 05388.

22. Such intentional misconduct on the part of Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and Safeguard Properties Inc. to create a false and deceptive impression that their entry to and eviction of Plaintiff's person and property at 1407 E 71st Place Unit 2 Chicago IL. 60649 was lawful by defendants was known to be wrong and designed to create contempt in the mind of plaintiff during the course of any future foreclosure proceedings.

**ANSWER:** The allegations in Paragraph 22 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

23. Defendants Chase Home Finance LLC, JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and Safeguard Properties Inc., and their co-conspirators known and unknown to Plaintiff jointly were not lawfully in possession of plaintiff's property for managemental purposes and acted without authority or reason to evict plaintiff against the fabric of Illinois Tentative residential Laws and Racketeering Statues.

**ANSWER:** The allegations in Paragraph 23 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

24. Safeguard Properties Inc. Contractual agent to Defendants Chase Home Finance LLC, JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A left a notice on the door to call incase of emergency whom to contact after locking plaintiff out and removing all his personal properties.

**ANSWER:** The allegations in Paragraph 24 regarding agency set forth conclusions of law to which no response is required. To the extent an answer is required, the Chase Defendants deny that Safeguard was the contractual agent of CHF, JPMCSM, and JPMCB, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, deny these allegations.

25. Plaintiff being a poor black immigrant from Africa, was racially discriminated because of plaintiffs vulnerability. the Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and Safeguard Properties Inc., took advantage of his color and race to intimidate and forcefully entered his home and illegally evict him and all his personal property. If plaintiff was a white American, such humiliation and abuse of the law could not have happened. all Defendants actions were all motivated by greed and sense of racism.

**ANSWER:** Denied.

26. Defendants Chase Home Finance LLC. JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A conspired with defendant Safeguard Properties Inc. to oppress, threaten, intimidate and deprive plaintiff of property without due process of the law.

**ANSWER:** Denied.

27. By so doing, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and Safeguard Properties Inc. has deprived plaintiff of the equal protection of the law.

**ANSWER:** Denied.

28. More importantly, Plaintiff urges the federal Court to review the state Court proceedings relating to the purported foreclosure proceeding which according to record has never been served before or after defendants Illegally, knowing fully that Plaintiff is the legal owner of the said unit, knowing fully that Plaintiff family of 6 has been displaced by their action insisted in committing such a horrible crime.

**ANSWER:** Denied.

29. On Feb. 22nd 2010 at about 6.30 pm, Plaintiff on return to his home with his whole family after seeing what has happened nearly fainted, seeing the

notice on the door called chase Home finance LLC but no response, but ended up dropping message on the voice messaging system. Immediately Plaintiff called 911, on arrival the Police officer said the only option Plaintiff has is to call the mortgage company the next day since no body is available to answer the call.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, deny these allegations.

30.     Plaintiff and his whole family has to seek refuge in an emergency rental property for some days, at that point, Plaintiff was confused and fell sick and couldn't get to work the next day and as a result of his homelessness, and not showing up at work which was a direct result and consequence of defendant's action Plaintiff was fired from his second and only Job.

**ANSWER:**     The Chase Defendants deny that Plaintiff was in any way prevented from showing up to any job as a result of the actions of any of the Chase Defendants, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, deny these allegations.

31.     On Feb. 23rd 2010, Just around 10 am, Plaintiff got in touch with Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A representative Mr. Erick Florts at 614-776-8685, whom after hearing from Plaintiff about his situation. Knowing fully that they have committed a serious error, having understood that Plaintiff is the legal resident and owner of the unit, knowing fully that plaintiff and his entire family including five little children has been displaced advised plaintiff to expect his call back within an hour.

**ANSWER:**     The Chase Defendants admit that, on February 23, 2010, Plaintiff contacted CHF by telephone and spoke with Eric Storts, but deny that Eric Storts is a representative of JPMCSM or JPMCB and deny the remaining allegations in Paragraph 31.

32.     At around 10:45 am on Feb. 23rd 2010, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A representative Mr. Eric Flort called back and offered Plaintiff the lock combination to use to unlock plaintiff's resident locked by Chase bank defendants.

**ANSWER:** The Chase Defendants admit that, on February 23, 2010, Plaintiff contacted CHF by telephone and spoke with Eric Storts and admit that, on February 23, 2010, Eric Storts provided Plaintiff with a combination to use to unlock the door of the Property, but deny that Eric Storts is a representative of JPMCSM or JPMCB, deny that the Chase Defendants locked the Property, and deny the remaining allegations in Paragraph 32.

33.     Just before receiving the combination number, Mr. Eric Flort has instructed Plaintiff to call Safeguard. Plaintiff did call Safeguard but again Safeguard Customer service agent told plaintiff that it is only Defendants Chase Home Finance LLC, JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. who can unlock the door.

**ANSWER:** The Chase Defendants admit that, on February 23, 2010, Plaintiff contacted CHF by telephone and spoke with Eric Storts and admit that, on February 23, 2010, Eric Storts instructed Plaintiff to contact Safeguard, but lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, deny these allegations.

34.     At about 10:50 am on Feb. 23rd 2010, on opening the lock with the combination number, what plaintiff saw was a total disbelief, everything destroyed and most of Plaintiff personal belongings missing and no where to be found. Plaintiff went through the rooms and found out that Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. JPMorgan Chase Bank N.A and Safeguard Properties Inc, damaged his property and took almost all his valuable property and personal belongings away including but not limited to his Toshiba Lap Tap computer which contain in the hard drive saved 2 unpublished books titled; The reincarnation "Ogbanje" or "Abiku" and The viability of socialism in a pro-capitalistic state, the work of many years which value is in hundreds of thousands of Dollars and other personal effects, like gold rings, necklace, wrist watches, cash, camera, video recorder, files, memoirs, electric pen, cell phone etc.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 34 and, therefore, deny these allegations. The Chase Defendants deny the remaining allegations in Paragraph 34.

Answering further, the Chase Defendants deny any liability to Plaintiff under any purported cause of action and deny that Plaintiff is entitled to any relief under any purported cause of action.

35. Immediately, Plaintiff called Defendants Chase Home Finance LLC. JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A representative Mr. Eric Florts who ordered Plaintiff to call the police and to call Safeguard for total return of all Items back to plaintiff.

**ANSWER:** The Chase Defendants admit that, on February 23, 2010, Plaintiff contacted CHF by telephone and spoke with Eric Storts, but deny that Eric Storts is a representative of JPMCSM or JPMCB and deny the remaining allegations in Paragraph 35.

36. At about Noon Plaintiff called the Police 3 times since it was not an emergency, they didn't show up immediately but later and requested a fingerprint detective section to visit the next day for continuation of the investigation.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, deny these allegations.

37. At about 12:45 on Feb. 23rd 2010, Plaintiff called Safeguard Properties Inc, who in turn advised plaintiff that they will make sure he gets his properties back witting few days and that their legal department will be contacting Plaintiff but no one ever called.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, deny these allegations.

38. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and Safeguard Properties Inc. communicated with one or more of the defendants and requested that plaintiff's personal property or contents within said premise be removed from the property and locks changed.

**ANSWER:** The allegations in Paragraph 38 are vague and ambiguous. As a result, the Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, deny these allegations.

39. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A engaged in an action against plaintiff and his property that violated Illinois law and Federal Laws and also violated the Civil Rights 42 U.S.C. @ 1983 and 1985 and the constitutional due process rights.

**ANSWER:** Denied.

40. On Feb. 23rd 2010 Plaintiff called the police to file a report but the police officer said it is a civil action and would not like to get involved because the Bank agents said it was foreclosed which was lie and false, but finally On the 26th of Feb. 2010 having proven to the police documents of ownership of property and clearance that the property is not foreclosed, the Police entered and issued a police report with Police report #HS181798.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, deny these allegations.

41. Between Feb. 24th 2010 and Feb. 26th 2010, Plaintiff called Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A and Safeguard properties Inc., for returns of all his personal belongings removed during the illegal eviction, invasion trespass and for repairs of the damaged items in his unit by them such as destroyed hard wood floors by water that came out of the boiler during the winterization carried out by Safeguard Properties Inc. sub Contractor R&B allstars. Plaintiff never received any call back from any of the defendants. and none of plaintiffs personal property and belongings was ever returned to him.

**ANSWER:** The Chase Defendants admit that, on February 24, 2010, Plaintiff contacted CHF by telephone, deny that Plaintiff contacted JPMCSM or JPMCB between February 24 and 26, 2010, deny that the Chase Defendants evicted Plaintiff, deny that the Chase Defendants invaded the Property or trespassed, and lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, deny

these allegations.

42.     On Feb. 26th 2010 after the police report, Plaintiff wrote to all defendants
        by certified mail and request fro safe returns of all his personal belongings
        taken away by Defendants Chase Home Finance LLC. JPMC Specialty
        Mortgage LLC, JPMorgan Chase Bank N.A and Safeguard properties Inc.;
        up till today no response was ever received from any of the defendants.
        Unfortunately as plaintiff was going through this confusion set up by all
        defendants, Plaintiff was fired by his employer for failure to show up to
        work on Feb. 23rd 2010 till Feb. 25th 2010 which was as a consequence of
        the direct damages of the defendants action to plaintiff causing plaintiff
        much stress and sickness.

**ANSWER:**     The Chase Defendants deny that Plaintiff was prevented from showing up

to his job or that he was terminated as a consequence of any action by the Chase Defendants, but

lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 42 and, therefore, deny these allegations.

43.     On March 9th 2010 and March 10th 2010 respectively, Plaintiff wrote to
        both Defendants Chase Home Finance LLC., JPMC Specialty Mortgage
        LLC. and JPMorgan Chase Bank N.A and Safeguard Properties Inc.
        requesting for the address of their agents in Chicago for service of legal
        documents in case Plaintiff wishes to sue and requested them for
        production of any court order which gave them the authority to invade his
        property and illegally evict him, taking away all his personal life saving
        properties.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in Paragraph 43 and, therefore, deny these allegations.

44.     Likewise on March 10th 2010, Plaintiff made an official complaint to
        Illinois Attorney General's office for consumer Fraud department for
        mediation but no response ever was received by either Defendants Chase
        Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan
        Chase Bank N.A or Safeguard Properties Inc.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in Paragraph 44 and, therefore, deny these allegations.

45.     On April 1st 2010, Illinois Attorney General's Office replied to plaintiff's compliant that a possible option will be taking a legal action against all the Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A and Safeguard Properties Inc. in the court of law.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, deny these allegations.

46.     Defendants Chase Horne Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A and Safeguard Properties Inc, with full knowledge and being fully aware that plaintiff is the legal resident and that there is no order of possession issued to them by any Court, and with the approval for each other act and omissions, avoided their obligation to petition the court for an order of possession at any time, to taint their false depiction of an honorary talking of, and division for plaintiff's personal and residential property. Their acts are full of evil intent and should be punished by the law.

**ANSWER:**     Denied.

## COUNT I - TRESPASS

47.     Plaintiff adopts and re-alleges by reference paragraphs 1 through 46 .as paragraph 47, the same as if fully set forth herein.

**ANSWER:**     The Chase Defendants incorporate their answers to Paragraphs 1 through 46 as their answer to Paragraph 47.

48.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc., with direct and indirect approval among one another, should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages.

**ANSWER:**     The allegations in Paragraph 48 set forth conclusions of law to which no response is required.  To the extent an answer is required, denied.

49.     Plaintiff did not authorize or otherwise consented to Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc. forcibly entry into his

property, changing locks, boarding up and carry away all plaintiffs personal valuable properties.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, deny these allegations. Answering further, the Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property.

50.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions against plaintiff of forcibly entry, boarding up the property, changing locks and carried away personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of his property.

**ANSWER:**     The Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property, and otherwise deny the allegations in Paragraph 50.

51.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard Properties Inc. negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct injury to plaintiff. As a result of defendants action, plaintiff was homeless for some time with his whole family of six including 5 children ages 3-14 years of age living on the street during cold weather and eventually loosing his Job for not being able to show up at work two days in a roll between Feb. 23rd 2010 and Feb. 25th 2010, Because plaintiff was depressed and trying to look for shelter for his whole family to live in pending Defendants return of their home and personal properties.

**ANSWER:**     Denied.

52.     As a result of Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions, Plaintiff was damaged.

**ANSWER:**     Denied.

## COUNT II - TRESPASS TO CHATTELS

53.     Plaintiff realleges and incorporate paragraphs l-46 as paragraphs 53, the same as if fully set forth herein.

**ANSWER:**     The Chase Defendants incorporate their answers to Paragraphs 1 through 52 as their answer to Paragraph 53.

54.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc., with direct and indirect approval among one another, should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages.

**ANSWER:**     The allegations in Paragraph 54 set forth conclusions of law to which no response is required.  To the extent an answer is required, denied.

55.     Plaintiff did not authorize or otherwise consented to Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc. forcibly entry into his property, changing locks, boarding up and carry away all plaintiff's personal properties.

**ANSWER:**     The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, deny these allegations. Answering further, the Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property.

56.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions against plaintiff of forcibly entry, boarding up the property, changing locks and carried away personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of his property.

**ANSWER:**     The Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property, and otherwise deny the allegations in Paragraph 56.

57.     Defendants Chase Home Finance LLC. JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N .A. and Safeguard Properties Inc. negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct injury to plaintiff. As a result of defendants action, plaintiff was homeless for some time with his whole family of six including 5 children

**ANSWER:**     Denied.

## **COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

58.     Plaintiff restates and re-alleges paragraph 1- 46, as paragraph 58, the same as if fully set forth herein.

**ANSWER:**     The Chase Defendants incorporate their answers to Paragraphs 1 through

57 as their answer to Paragraph 58.

59.     Defendants Chase Home Finance LLC. JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. are experienced in this business of Mortgage foreclosure and illegal evictions.

**ANSWER:**     Denied.

60.     Plaintiff was informed after their acts through communication by Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc. and their sub-contractor representatives on Feb. 23rd 2010 That they were sorry for the action, that they will return all items, they also acknowledged that plaintiffs family of 6 including 5 children ages 3-14 has been displaced illegally, they also knew that plaintiff is a legal immigrant from Nigeria, poor and especially vulnerable and susceptible to their actions.

**ANSWER:**     Denied.

61.     On Feb. 22nd 2010, despite the fact that plaintiff owned and have a right to possess his property, defendants forcibly entered his home, changed the locks and removed all his personal property and belongings knowing fully they have no authority to commit such illegal eviction, as experienced by plaintiff and 5 children when they returned home and found that their personal property has been taken away from them illegally in an open broad day light.

**ANSWER:** The Chase Defendants deny that they entered the Property, changed the locks on the Property, or removed any of Plaintiff's personal property, and otherwise deny the allegations in Paragraph 61.

62.    Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. had full knowledge of their lack of legal jurisdiction regarding its objectives concerning the illegal lockout and eviction of plaintiff and his whole family under cold weather conditions.

**ANSWER:** The allegations in Paragraph 62 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

63.    Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. and Safeguard Properties Inc. intended to cause and succeeded in causing plaintiff severe emotional distress. Defendants' actions forced plaintiff out of his home to live on the streets and become homeless for several days.

**ANSWER:** Denied.

64.    Despite Plaintiff continual pleas through telephone calls and letter communications to defendants, manifesting to them that they have no right to evict him and for safe return of his persona] properties, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. refused to grant plaintiff access to his personal properties removed from his home unlawfully.

**ANSWER:** The Chase Defendants deny that they evicted Plaintiff or removed any of Plaintiff's personal property, and otherwise deny the allegations in Paragraph 64.

65.    Defendant conducts as described above was done with the intension to cause severe emotional distress to plaintiff and his family and was done recklessly in deliberate disregard of a high degree of probability that emotional distress would result from said actions.

**ANSWER:** Denied.

66.    Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. acting individually and severally, willfully and wantonly, and with intent and

neglect regard to do so, inflicted severe emotional distress on plaintiff in violation of peace and enjoyment of residence under state and federal constitution.

**ANSWER:**    Denied.

67.    Plaintiff had little or no power because of his vulnerability to change the course of Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N .A. and Safeguard properties Inc actions.

**ANSWER:**    The Chase Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in Paragraph 67 and, therefore, deny these allegations.

68.    Plaintiff suffered severe emotional distress from being homeless for several days, and being forced to later live apart from his children and as a result of their action plaintiff lost his Job for not showing up for work on 02/23/10 till 02/25/10

**ANSWER:**    Denied.

69.    WHEREFORE, as a result of Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. conducts, plaintiff suffered actual damages, being injured in his person and loss of his personal effects and job.

**ANSWER:**    Denied

## COUNT IV - CONVERSION

70.    Plaintiff restates and re-alleges paragraph 1-46, as paragraph 70, the same as if fully set forth herein.

**ANSWER:**    The Chase Defendants incorporate their answers to Paragraphs 1 through

69 as their answer to Paragraph 70.

71.    Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. action is an indirect assumption of control of plaintiff's personal property and converted the same to its own use.

**ANSWER:** The allegations in Paragraph 71 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

72. Plaintiff's right to the said personal properties is absolute and unconditional and no one else had any legal right to the property.

**ANSWER:** The allegations in Paragraph 72 set forth conclusions of law to which no response is required. To the extent an answer is required, the Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, deny these allegations.

73. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. assumption of control of plaintiff's property was wrong. illegal, unlawful and unconstitutional without due consent of plaintiff.

**ANSWER:** The allegations in Paragraph 71 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

74. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc., with direct and indirect approval among one another, should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages.

**ANSWER:** The allegations in Paragraph 74 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

75. Plaintiff did not authorize or otherwise consented to Defendants Chase Home Finance LLC. JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc. forcibly entry into his property, changing locks, boarding up and carry away all plaintiff's personal properties.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, deny these allegations.

Answering further, the Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property.

76.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions against plaintiff of forcibly entry, boarding up the property, changing locks and carried away personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of his property.

**ANSWER:**   Denied.

77.     As a result of these conversion by Defendants' Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc., Plaintiff has been damaged and deprived of all his property.

**ANSWER:**   Denied.

78.     Plaintiff personal Property such as Toshiba lap tap computer taken away by Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard properties Inc. contains 2 un-published books titled 1. Re-Incarnation "OGBANJE" or "ABIKU" and 2:  The Viability of Socialism in Pro-Capitalistic States. These un-published books and plaintiff memoirs and documents stolen by all defendants were never returned back.

**ANSWER:**    The Chase Defendants deny that they removed or stole any of Plaintiff's personal property, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and, therefore, deny these allegations.

79.     The 2 un-published books:  Reincarnation "Ogbanje" or Abiku" and the Viability of Socialism in Pro-Capitalistic States, the brain work of Plaintiff Mr. Innocent Obi A Bachelor Degree Holder from Urban University Rome-Italy and Certificate Holder of Political Science from Kiel University -Germany was never returned back to plaintiff, likewise the computer was never recovered which contained more valuable documents of plaintiff.  These projects were the life long endeavors of Plaintiff but were stolen by all defendants.

**ANSWER:** The Chase Defendants deny that they removed or stole any of Plaintiff's personal property, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and, therefore, deny these allegations.

80. The lost of this computer and other valuables from plaintiff's property by Defendants Chase Horne Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard Properties Inc. has a long lasting devastating effects on plaintiffs life.

**ANSWER:** The Chase Defendants deny that they removed or stole any of Plaintiff's personal property, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and, therefore, deny these allegations.

## COUNT V - PUNITIVE DAMAGES

81. Plaintiff restates and re-alleges paragraph 1-46 as paragraph 81, the same as if fully set forth herein.

**ANSWER:** The Chase Defendants incorporate their answers to Paragraphs 1 through 80 as their answer to Paragraph 81.

82. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc., with direct and indirect approval among one another, should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages.

**ANSWER:** The allegations in Paragraph 82 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

83. Plaintiff did not authorize or otherwise consented to Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. forcibly entry into his property, changing locks, boarding up and carry away all plaintiff's personal properties.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, deny these allegations.

Answering further, the Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property.

84.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions against plaintiff of forcibly entry, boarding up the property, changing locks and carried away plaintiff personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of his property.

**ANSWER:**     The Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property, and otherwise deny the allegations in Paragraph 84.

85.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct injury to plaintiff. As a result of defendants action, plaintiff was damaged and homeless for some time with his whole family of six including 5 children ages 3-14 years of age living on the street and eventually lost his Job for not being able to show up at work two days in a roll between Feb. 23rd 2010 till Feb. 25th 2010. Because plaintiff was depressed and trying to look for shelter for his whole family to live in pending Defendants return of their home and personal properties.

**ANSWER:**     Denied.

86.     As a result of Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions, Plaintiff was damaged.

**ANSWER:**     Denied.

87.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions were willful, malicious and in reckless disregard for plaintiff and family (poor African-American -Minority group)

**ANSWER:**     Denied.

88.     Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. should have known that they never had a Court order to forcibly dispossess plaintiff and his family their home and personal property and that they were violating plaintiff's due process right.

**ANSWER:**     The allegations in Paragraph 88 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

89.     All the defendants' deliberate violence and oppressions against plaintiff and property was committed with fraud and actual malice of intension to illegally evict plaintiff and steals his property.

**ANSWER:**     The allegations in Paragraph 88 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

90.     Here, Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. has acted willfully, with such a gross negligence which indicate a wanton disregard of the rights of the plaintiff and family.

**ANSWER:**     Denied.

91.     There is a strong public policy for punishing and sending a message to Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. "That no one is above the law, and that every U.S. Citizen and resident alike is to be treated with common decency and respect and guaranteed equal protection and due process under the United States Constitution"

**ANSWER:**     The allegations in Paragraph 88 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

92.     If all the defendants are not held accountable and assessed punitive damages, they will continue such deceptive and unfair business practices and continually destroy families and lives.

**ANSWER:**     Denied.

93.     Moreover this type of intentional disregard for the law and order could unnecessarily result in someone being severely injured or even grave harm (death)

**ANSWER:**    Denied.

## COUNT VI - FRAUD

The Court dismissed Count VI and, therefore, no answer is required.

## COUNT VII - CIVIL RIGHTS VIOLATIONS

The Court dismissed Count VII and, therefore, no answer is required.

## COUNT VIII - FAIR DEBT COLLECTION PRACTICES ACT

The Court dismissed Count VIII and, therefore, no answer is required.

## COUNT IX - CONSPIRACY

136.    Plaintiff restates and re-alleges paragraph 1-46 as paragraph 136, the same as if fully set forth herein.

**ANSWER:**    The Chase Defendants incorporate their answers to Paragraphs 1 through 93 as their answer to Paragraph 136.

137.    Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. knowing fully that they have no legal right to possession, conspired among each other to unlawfully, through illegal and unlawful means evict plaintiff from his property and removed all plaintiff personal belongings.

**ANSWER:**    Denied.

138.    All defendants conspired with one another in a concerted effort to violate state laws, prohibiting trespass, trespass to chattels, conversion.

**ANSWER:**    Denied.

139.    Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. JPMorgan Chase Bank N.A. and Safeguard Properties Inc., with direct and indirect approval among one another, should have known that their activities to deprive plaintiff of his personal and residential property was the direct and proximate cause of plaintiff's damages.

**ANSWER:** The allegations in Paragraph 139 set forth conclusions of law to which no response is required. To the extent an answer is required, denied.

140. Plaintiff did not authorize or otherwise consented to Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard properties Inc. forcibly entry into his property, changing locks, boarded up and carry away all plaintiff's personal properties.

**ANSWER:** The Chase Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, deny these allegations. Answering further, the Chase Defendants deny that they entered the Property, boarded up the Property, changed the locks on the Property, or removed any of Plaintiff's personal property.

141. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. actions against plaintiff of forcibly entry, boarding up the property, changing locks and carried away personal property, were done solely with the intent to deprive and interfere with plaintiff substantial rights to possession and use of his property.

**ANSWER:** Denied.

142. Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC., JPMorgan Chase Bank N.A. and Safeguard Properties Inc. negligent and intentional conduct against plaintiff resulted in an intrusion on plaintiff's interest in exclusive possession and causing direct injury to plaintiff. As a result of defendants action, plaintiff was homeless for some time with his whole family of six including 5 children ages 3-14 years of age living on the street and eventually loosing his Job for not being able to show up at work two days in a roll between Feb. 23rd 2010 till Feb. 25th 2010. Because plaintiff was depressed and trying to look for shelter for his whole family to live in pending Defendants return of their home and personal properties.

**ANSWER:** Denied.

143. As a result of Defendants Chase Home Finance LLC., JPMC Specialty Mortgage LLC. and JPMorgan Chase Bank N.A. and Safeguard Properties Inc actions, Plaintiff was damaged.

**ANSWER:**    Denied.

WHEREFORE, having fully answered the Amended Complaint, the Chase Defendants respectfully request that this Court enter judgment in their favor, deny Plaintiff's request for relief, award the Chase Defendants reasonable costs incurred in the defense of this action, and grant the Chase Defendants such other and further relief as justice requires.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Amended Complaint, and as additional defenses thereto, the Chase Defendants incorporate by reference the foregoing answers and affirmative defenses as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on Plaintiff as a matter of applicable substantive or procedural law, and further allege as follows:

### First Defense

1.      Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted against the Chase Defendants.

### Second Defense

2.      On information and belief, Plaintiff did not reside at, or have any possessory interest in, the Property on February 22, 2010.

3.      Therefore, all of Plaintiff's claims are barred.

### Third Defense

4.      On information and belief, Plaintiff's *In Forma Pauperis* Application and Financial Affidavit (Dkt. No. 17) contains false and incomplete information.

5.      Therefore, Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915.

### Fourth Defense

6.      Count V should be dismissed because it is not an independent cause of action.

### Fifth Defense

7.      The mortgage on the Property is currently held by JPMCSM.

8.      CHF currently services the mortgage on the Property.

9.      The mortgage documents on the Property allow the mortgagee and/or the mortgagee's representatives to enter the Property without a court order to protect the mortgagee's interest in the Property.

10.     Therefore, JPMCSM and CHF were authorized to enter and secure the Property (or to have their agents enter and secure the Property), and Plaintiff's Amended Complaint should be dismissed in its entirety to the extent it asserts claims against JPMCSM or CHF relating to the alleged entry onto the Property.

### Sixth Defense

11.     Neither JPMCSM nor JPMCB contracted with Safeguard to winterize the Property on or about February 22, 2010.

12.     Therefore, neither JPMCSM nor JPMCB can be liable to Plaintiff for the allegations in Plaintiff's Amended Complaint.

## Seventh Defense

13.     To the extent Safeguard's conduct while winterizing the Property on or about February 22, 2010 violated any law, the Chase Defendants did not authorize or ratify any such conduct.

## Additional Defenses

The Chase Defendants reserve their right to assert additional defenses in the event discovery and/or investigation indicates that additional defenses are applicable.

Date:   December 6, 2010

**CHASE HOME FINANCE LLC**

By:     /s/ Andrew D. LeMar
One of their attorneys

Stephen R. Meinertzhagen
Andrew D. LeMar
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone:     (312) 840-7000
Facsimile:     (312) 840-7900

## CERTIFICATE OF SERVICE

On December 6, 2010, the undersigned caused the foregoing Chase Defendants' Answer
and Affirmative Defenses to Plaintiff's Amended Complaint to be filed electronically with the
Northern District of Illinois, and served upon the following counsel via the Court's CM/ECF
system:

Ralph E. Meczyk                     Peter J. Strauss
Meczyk Goldberg                     Cunningham, Meyer & Vedrine, P.C.
111 West Washington Street          1 East Wacker Drive, Suite 2200
Suite 1025                          Chicago, Illinois 60601
Chicago, IL 60602                   Telephone:    (312) 578-0049
Telephone:  (312) 332-2853          Facsimile:    (312) 578-0247


                              /s/ Andrew D. LeMar_____
                              Andrew D. LeMar

776705v2