IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INNOCENT OBI,                                  )
                                               )
                              Plaintiff,        )
                                               )
            v.                                  )   Civil Action No.: 10 C 3154
                                               )
CHASE HOME FINANCE, LLC *et al.*,               )   Suzanne B. Conlon, Judge
                                               )
                              Defendants.        )
                                               )
                                               )

## MEMORANDUM OPINION AND ORDER

Innocent Obi filed a *pro se* lawsuit in state court against entities he believes were
involved in an allegedly illegal eviction when he was a tenant at 1407 E. 71st Place, Unit 2, in
Chicago, Illinois. Defendants removed the case to federal court. Obi was granted leave to
proceed *in forma pauperis* ("IFP") on the basis of representations he made in his IFP application,
sworn to be true under penalty of perjury. *See* IFP Application (Dkt. No. 17). After several
claims survived a motion to dismiss, the court appointed an attorney to represent Obi at no cost
to him. *See* 28 U.S.C. § 1915(e)(1). Now, defendants move for dismissal with prejudice,
asserting they have uncovered evidence that Obi lied on his IFP application. After Obi's
appointed counsel responded to the motion to dismiss, the court granted him leave to withdraw at
his and Obi's request. Proceeding *pro se*, Obi filed an amended response and memorandum.

Obi filed for IFP status in June 2010, asserting that he was last employed in December
2009 and since then has supported himself and his five children on unemployment benefits of
$407, presumably per month, although he did not specify. Otherwise, he denied receiving more

1

than $200 in the last twelve months from any other source, including wages, self-employment, rental income, or gifts. He attested that he had $500 in savings but that no one else living with him had received more than $200 in the past twelve months or owned any stocks, bonds, securities, or other financial instruments. Obi denied that he or anyone living with him owned real estate, automobiles worth more than $1000, or other personal property worth more than $1000. The IFP application warns that the responses are made under penalty of perjury and states "the court shall dismiss this case at any time if the court determined that [the] allegation of poverty is untrue." Obi signed the application.

Defendants provide persuasive evidence through public documents and Obi's filings in other cases that he failed to disclose assets on his IFP application in this case. For example, defendants identify two 2010 lawsuits in which Obi claims to own two different properties and a 2010 extinguishment of easement in which he swears that he owns a third property. *See Obi v. Chase Home Fin. LLC*, No. 10 C 5745 (N.D. Ill filed Sept. 20, 2010) (Kendall, J.) (claiming ownership of 1407 E. 71st Place, Unit 1, Chicago, Illinois); *Obi v. Bank of Am.*, No. 2010 L 001020 (Ill. Cir. Ct. Jan. 25, 2010) (claiming ownership of 7432 S. Phillips Ave., Chicago, Illinois); Chase Defs. Mem. (Dkt. No. 114), Ex. 6 (claiming ownership of 7200 S. Euclid Ave., Chicago, Illinois). Obi does not dispute that at one point he owned those properties. He responds that the company through which he owned them, Ocean Breaker Investment, quit claimed those properties to Trans Atlantic Professional Corporation on March 31, 2009. He attaches records from the Cook County Recorder of Deeds evidencing those transactions. He claims that he has no ownership stake in Trans Atlantic or Ocean Breaker. Records from the Illinois Secretary of State reflect that Obi founded Ocean Breaker, but as of June 16, 2010, he

was no longer an officer. Chase Defs. Mem. (Dkt. No. 114), Exs. 17–18. (His minor daughter, however, is the secretary.) Additionally, defendants procured IFP applications that Obi filed in several other cases and note contradicting information.

The court does not have sufficient information to conclusively determine whether Obi has any interest in the properties or companies identified. However, it is unnecessary to delve further into these collateral matters. The filings from this case alone demonstrate Obi omitted material information from his IFP application. When Obi filed this case in state court in April 2010, he submitted an application and affidavit to sue as an indigent person. *See* Notice of Removal (Dkt. No. 1), Ex. 1. He swore under penalty of perjury that his only source of income was $600 from friends and family (without specifying whether this was per month or the total received). In his June 2010 IFP application, he did not disclose that money, despite the question whether he received more than $200 in the past twelve months from any other source.

Obi attested he was last employed in December 2009. In his amended complaint, he alleges he was working the day of the alleged wrongful eviction, and the eviction caused him to lose his job. Am. Compl. (Dkt. No. 55) ¶¶ 16, 29, 42, 51, 68, 85, 142. Obi did not disclose this job on his IFP application. He explains now that he was employed full-time maintaining rental properties for Trans Atlantic until the February 2010 eviction. Pl. Am. Resp. (Dkt. No. 138) ¶ 32. About a month later, Obi resumed working part-time for Trans Atlantic. *Id.* He attempts to excuse this omission by explaining that he reported the extra income to the Department of Employment Security and his unemployment benefits were decreased accordingly. *Id.* ¶ 30. He admits he was employed after December 2009, contrary to his sworn statements in his IFP application. His excuse is of no avail. The IFP application requires full disclosure. Extra

3

income does not result in a dollar-for-dollar decrease in unemployment benefits; only income above a certain threshold affects benefits. *See* 56 ILL. ADMIN. CODE § 2920.15. In the state court indigency application, Obi did not report receiving unemployment benefits, so the Trans Atlantic income had nothing to offset until sometime after April 19, 2010, when the indigency application was filed.

The court is required to dismiss a case if an allegation of poverty made in an IFP application is false. 28 U.S.C. § 1915(e)(2)(A). It is unclear whether dismissal is mandatory for any untrue statement in an IFP application. *See Brantley v. Children's Mem. Hosp.*, No. 10 C 0900, 2010 WL 5174388, at *2–3 (N.D. Ill. Dec. 14, 2010) (Gottschall, J.) (noting ambiguity about whether "allegation of poverty" means an "applicant's [general] contention that she is unable to pay" or "any specific averment in the applicant's affidavit"). The record does not establish whether Obi was actually impoverished at the time he filed his IFP motion. *Cf. Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (false allegation of poverty found when plaintiff failed to disclose expected $58,990 payment). However, it is clear that he made material omissions and misrepresentations on his IFP application, committing a fraud on the court. *See* FED. R. CIV. P. 11(b). Employment information is an integral part of the court's decisionmaking process when ruling on an IFP motion. The incomplete employment information, coupled with nonreported sources of other income, warrant dismissal of the case either under § 1915(e)(2)(A) or as a sanction under Fed. R. Civ. P. 11(c).

Obi urges the court to follow the approach in *McRoyal v. Commonwealth Edison Co.*, No. 05 C 6054, 2007 WL 164221 (N.D. Ill. Jan. 17, 2007) (Zagel, J.), in which plaintiff filed a false IFP application, but she was sanctioned with monetary penalties rather than dismissal of her case.

4

Obi's situation is different. In *McRoyal*, the court found plaintiff's conduct was likely due to her husband's influence. Obi cannot lay the blame on anyone but himself. Nor has he given any reason for the omissions, despite having another lawsuit dismissed after another judge of this court determined he lied on an IFP application identical to the one in this case. *See Obi v. Am. Airlines, Inc.*, No. 10 C 3613, 2011 WL 148415 (N.D. Ill. Jan. 18, 2011) (Lindberg, J.). The many contradictions *within the same case* warrant dismissing the case with prejudice. *See Hoskins v. Dart*, 2011 WL 167032, at *2–3 (7th Cir. Jan. 20, 2011) (affirming dismissal with prejudice when litigant intentionally misrepresented litigation history); *Thomas*, 288 F.3d at 306–07 (affirming dismissal with prejudice when litigant filed egregiously false IFP application).

Defendants request as a sanction that they be awarded their fees and costs incurred in bringing this motion to dismiss. Dismissal with prejudice is sanction enough. The court declines to award fees or costs beyond those defendants would be entitled to as prevailing parties. *See* 28 U.S.C. § 1920; FED. R. CIV. P. 54(d).

Finally, Obi takes issue with defendants' filings because they do not redact his minor daughter's name as required by Fed. R. Civ. P. 5.2(a)(3). He requests that the court seal the offending documents. Although it is preferable for defendants to be more careful, any error here is harmless. The motion did not reveal any personal or embarrassing information about Obi's daughter. The documents attached to the motion containing her name were all publically available. Her name and address were on the publically filed annual report as secretary for Ocean Breaker. Defendants obtained her name on her school honor roll from the internet.

ENTER:

Suzanne B. Conlon
United States District Judge

March 2, 2011